## ARMISTEAD *vs.* BOWDEN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A sale made in another state of slaves in this, must be registered in this state in the manner required for a sale made here, before it can affect a third party.

*M‘Caleb* and *Gray*, for appellant.

1. The property attached was not the property of the defendant, the same being clearly proven to belong to Indiana Bowden, the intervening party.

2. The assignment was made and duly recorded before the service of the attachment.

*Peirce, contra.*

1. The assignment is on the face of it void, and without consideration.

2. The transfer of the slaves was never recorded in the register of conveyances' office, or the office of the parish judge for the parish of Iberville.

The facts are stated in the opinion of the court pronounced by PORTER, J.

<div style="margin-left:margin">

EASTERN DIS.
*March*, 1833.

A sale made in another state of slaves in this must be registered in this state in the manner required for a sale made here, before it can affect a third party.

</div>

This action was commenced by attachment, and the case comes before us on an appeal by the intervenors, who set up title to the property attached in the hands of the garnishee. The appellants claim under a sale made in the state of Virginia, the slaves were not delivered when the attachment was laid, nor was any registery ever made in this state of the conveyance by which they were acquired. The plaintiff, who was a third party to the act, cannot be affected by it, until it was duly recorded here. The slaves were within this state when the contract abroad took place; and it is clear that the conveyance made there cannot have greater effect than a similar one executed within the limits of Louisiana which was unregistered could have. 2 *La. Reports*, 122.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed with costs.